NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOLVIA DE JESUS RIVAS-LANDAVERDE, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-7509 <br><br> Agency No. A209-477-382 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2025[**]

Before:     SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Nolvia De Jesus Rivas-Landaverde, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

her appeal from an immigration judge's decision denying her applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, and review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We deny the petition for review.

The agency did not err in finding that Rivas-Landaverde did not show she is a member of a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-,* 26 I. & N. Dec. 227, 237 (BIA 2014)); *Conde Quevedo*, 947 F.3d at 1242-44 (proposed social group of "people who report the criminal activity of gangs to police" lacked social distinction in Guatemala). Thus, Rivas-Landaverde's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Rivas-Landaverde failed to show it is more likely than not that she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity'"

(internal citation omitted)).

To the extent Rivas-Landaverde raises a due process challenge, she has forfeited it by failing to "coherently develop" the argument. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (internal quotation marks omitted).

In light of this disposition, we need not reach Rivas-Landaverde's remaining contentions regarding the merits of her claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**